IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VICKIE WOOD,                        )
                                    )
       Plaintiff,                   )
                                    )        CIVIL ACTION NO.
v.                                  )        04-AR-2674-S
                                    )
UNUM LIFE INSURANCE COMPANY         )
OF AMERICA, et al.,                 )
                                    )
       Defendants.                  )

FILED

04 OCT 19 PM 3: 30

U.S. ... COURT
N.D. OF ALABAMA

ENTERED

OCT 19 2004

## MEMORANDUM OPINION

There are three motions before the court in the above-referenced case.  First is the motion of plaintiff, Vickie Wood ("Wood"), to remand the action to the  Circuit Court of Jefferson County, Alabama.  Second, is the motion of defendants, Curtis Brown and Brown Solutions, Inc. (hereinafter "Brown") to dismiss or in the alternative to compel arbitration.  Third, is the motion of defendants, Unum Life Insurance Company and UnumProvident Corporation (hereinafter "UNUM"), to compel arbitration.[1]  For the reasons that follow, the court finds that it lacks subject matter jurisdiction and it will necessarily grant Wood's motion to remand. Without jurisdiction, the court cannot address the motions to dismiss or compel arbitration.

***Introduction and Procedural History***

---

[1] For purposes of this opinion, when the court uses the name "Brown" it is referring to both the Brown defendants, Curtis Brown and the business Brown Solutions, Inc., unless otherwise indicated.  Similarly, when the court uses the name "UNUM" it is referring to both Unum Life Insurance Company and UnumProvident Corporation.



Wood originally filed her complaint in state court on August 2, 2004, stating claims under Alabama law against UNUM and Brown for alleged breach of contract, bad faith, and fraud. According to the complaint, Brown, acting as agent for UNUM, sold Wood a long term disability insurance policy in November 1998. In November 2002, Wood filed a claim under the policy disabling multiple sclerosis and a diminishing cognitive function. Several months later, on March 27, 2003, UNUM denied her claim and she appealed within the terms of the policy. UNUM ultimately approved the claim in September 2003, but then terminated Wood's benefits in February 2004. Wood claims that Brown continually misrepresented facts to her, beginning at the time she purchased the policy and continuing until UNUM terminated her benefits.

UNUM filed its notice of removal on September 7, 2004, invoking the diversity jurisdiction of this court. Brown joined and consented to the removal that same day. 28 U.S.C. §§ 1332, 1441, 1446(b). Wood filed her motion to remand on September 15, 2004.

There is no dispute that Brown and plaintiff Wood are both Alabama citizens. Anticipating that this fact would destroy the complete diversity required to support removal jurisdiction, UNUM argues that Brown's citizenship should be ignored because Brown was fraudulently joined. *See Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). According to UNUM, there is

2

no possibility that Wood can prove *any* of her claims against Brown. Wood says that Brown was not fraudulently joined, at least not as to the fraud claim.

**Fraudulent Joinder**

If Wood has failed to state a colorable case against both Brown and Brown Solutions, Inc., the court may disregard their citizenships and proceed to address the merits of Brown's motion to dismiss and the motions of Brown and UNUM to compel arbitration. If, on the other hand, Wood did not fraudulently join either of the non-diverse defendants, there is incomplete diversity and the case must be remanded.

The species of fraudulent joinder UNUM advances applies only where there is no possibility of recovery under state law for any of plaintiff's claims against any non-diverse defendant. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962). A heavy burden rests on the removing defendant to show that all non-diverse defendants were fraudulently joined. *Owens v. Life Ins. Co. of Georgia,* 289 F.Supp.2d 1319, 1324 (M.D. Ala. 2003)*;see Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (removal must be strictly construed with all doubts resolved in favor of remand). As the Eleventh Circuit stated in *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998):

> The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate. *Id.*

3

The court bases its jurisdictional inquiry on the pleadings at the time of removal, evaluating all factual issues and questions of controlling substantive law in plaintiff's favor. *Wright v. Metropolitan Life Ins. Co.,* 74 F.Supp.2d 1150, 1153 (N.D. Ala. 1999); *see Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) ("the jurisdictional inquiry must not subsume the substantive determination").

UNUM asserts that it has satisfied this high burden.  UNUM addresses all of Wood's claims against Brown, but only its arguments regarding Wood's fraud claim are significant to a resolution of the fraudulent joinder question because Wood all but admits that there is no possibility under Alabama law that she could succeed on her contract claims against Brown.[2]  Thus, the narrow issue becomes whether Wood has any possibility of recovery against Brown for fraud.  If so, there is incomplete diversity.

*The Fraud Claim*

UNUM makes two arguments as to why Wood's fraud case against Brown is a legal impossibility: (1) as a matter of law, Wood cannot establish the elements of a fraud claim; and (2) the statute of limitations has run on Wood's fraud claims.  The court disagrees with both arguments, at least within the narrow analytical

---

[2] Wood's brief in support of the motion to remand makes no argument that there is a possibility of recovery against Brown on the breach of contract or bad faith claims.  Accordingly, the court will assume, without deciding, that Wood did in fact fraudulently Brown as to her breach of contract and bad faith claims.

framework established by the Eleventh Circuit for determining when a defendant has been fraudulently joined.[3]

Under Alabama law, a cause of action for fraud arises when a plaintiff reasonably relies on a misrepresentation of material fact. *Ex parte ERA Marie McConnell Realty, Inc.*, 774 So.2d 588, 591 (Ala. 2000). Wood alleges that Brown made several misstatements to her regarding her disability coverage. Paragraph 28 of the complaint states that, over a six year period, Brown continually misrepresented material facts, including but not limited to the following:

i.   That the policy...provided complete and adequate disability insurance coverage;
ii.  That UNUM Life and UNUM Corp. would fairly evaluate and consider Plaintiff's claims...including claims based on a disabling multiple sclerosis condition in addition to diminishing cognitive functions and would act in good faith in handling any claims presented by Plaintiff for payment;
iii. That UNUM Life and UNUM Corp. would pay benefits...in a timely and sufficient manner in the event of Plaintiff's disability; and
iv.  That UNUM Life and UNUM Corp. possessed a reputable standing in the insurance industry and were known to be and are responsible and dependable insurers.

UNUM contends that none of these statements can even arguably be characterized as a misstatement because, in context of the qualifying language of Wood's disability policy, they are all true.

---

[3]This conclusion should not be taken to mean that Wood absolutely states a claim upon which relief can be granted under Alabama law. To the contrary, the court specifically declines, for lack of subject matter jurisdiction, to express an opinion as to whether the Brown's motion to dismiss should be granted. *See Coker*, 709 F.2d at 1440 (joinder is proper if a *possibility* exists that state court could find complaint states cause of action against any one of resident defendants) (emphasis added).

Based on the record at the time of removal, however, it is far from certain that a state court applying Alabama law would agree with UNUM's contention.  It is at least possible that a state court would find the alleged misrepresentations regarding policy coverage of claims related to Wood's multiple sclerosis to be sufficient to state a claim.  This is particularly true where, as here, Wood alleges that UNUM denied the claim for several months, then approved it, then terminated her benefits several months later.

It is also possible that a state court would find that Wood's alleged reliance was reasonable, despite the fact that the policy terms contradict some or all of Brown's alleged misstatements. UNUM cites *Foremost Ins. Co. v. Parham*, 293 So.2d 409, 421 (Ala. 1997), for the proposition that, even if Brown made statements to Wood that contradicted policy language, Wood is precluded from reasonably relying on any statements other than those contained in the written policy.  This argument is an over-extension of *Parham*, a decision the court interprets as supporting rather than precluding its conclusion that remand is appropriate.

In *Parham*, the Alabama Supreme Court adopted a "reasonable reliance" standard, in part because that standard would allow a factfinder "greater flexibility in determining the issue...based on all of the circumstances." *Id.*  The court went on to observe that a reasonable reliance standard

> would provide a mechanism...whereby the trial court can
> enter a judgment as a matter of law in a fraud case where

6

> the undisputed evidence indicates that...the parties
> claiming fraud in a particular transaction were fully
> capable of reading and understanding their documents, but
> nonetheless made a deliberate decision to ignore written
> contract terms.

*Id.* This observation does raise the *possibility* that a state court would dispose of Wood's case against Brown as a matter of law, but it falls short of negating the *possibility* that a state court would find that Wood's reliance was reasonable.  *Parham* recognizes a circumstance-specific reliance test.  This court cannot predict with certainty what the state court will and it would be presumptuous to do so.

UNUM further contends that there is no possibility of recovery against Brown for fraud because all of the alleged misstatements were necessarily promises relating to future action.  An action for promissory fraud requires the additional element that plaintiff must show "the promisor intended not to perform at the time of making the promise." *Bethel v. Thorn*, 757 So.2d 1154, 1161 (Ala. 1999).  UNUM argues that because Wood failed to allege that Brown and UNUM did not intend to perform at the time the alleged misstatements were made, there is no possibility of recovery and Brown's joinder was fraudulent.  This argument, while it may prove fatal to Wood's claims at a later stage in state court, is not so clearly correct at this stage that the court can properly dismiss the action against the Brown defendants.

*Statute of Limitations*

Even assuming Wood has pled an otherwise legally sufficient fraud claim, UNUM argues that the statute of limitations has run, making her recovery for fraud impossible. *See Owens,* 289 F.Supp.2d at 1325 ("this court has consistently held that if the only claims against" a non-diverse defendant are time-barred then that defendant is deemed fraudulently joined).  A two year statute of limitations applies to fraud claims in Alabama, and it begins to run on the date plaintiff reasonably should have discovered the fraud giving rise to the cause of action.  ALA. CODE § 6-2-38(l); *Auto-Owners Ins. Co. v. Abston,* 822 So.2d 1187, 1194 (Ala. 2001). UNUM contends that the limitation period began to run in November 1998, when plaintiff received her written insurance policy.  The court disagrees with UNUM's argument because there is at least a possibility that the state court would find that Wood's fraud claims are not time barred. *See B&B Properties v. Dryvit Systems, Inc.,* 708 So.2d 189, 193 (Ala. Civ. App. 1997)(when a plaintiff should reasonably have discovered the fraud is ordinarily a question for the jury).  Wood alleges that Brown, as agent for UNUM, continually misled her over a period of several years, not simply prior to her receiving the written  policy in November 1998. More importantly, as Wood points out in her brief in support of her motion to remand, she did not discover the fraud until March 27, 2003, when the defendants denied her disability claim.  The court

8

does not rely on these allegations to say that Wood's fraud claims are timely, but simply finds a debatable issue as to when the limitation period began to run.  *See Wright*, 74 F.Supp.2d at 1154 (stating that "to block a fraudulent-joinder charge based on statute of limitations, a plaintiff" need only provide some showing that her claim "against the resident defendant has an evidentiary support both in fact and in law").  Because there is a possibility that the fraud claims were timely filed, the statute of limitations does not operate to make Brown's joinder fraudulent.

***Conclusion***

Because there is a possibility that  a state court would find that Wood's complaint states a fraud cause of action against Brown, Brown was not fraudulently joined.  Because the plaintiff and Brown are Alabama citizens, complete diversity of citizenship is lacking and this court lacks subject matter jurisdiction.  The court will, by separate order, grant plaintiff's motion and remand the case to the Circuit Court of Jefferson County, Alabama, from which it was improvidently removed.

DONE this __19th__ day of October, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

9